PETER S. DICKINSON (SBN 139495)
pdickinson@BushGottlieb.com
ERICA DEUTSCH (SBN 204427)
edeutsch@BushGottlieb.com
PAMELA CHANDRAN (SBN 250829)
pchandran@BushGottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for SCREEN ACTORS
GUILD-PRODUCERS PENSION &
HEALTH PLANS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CV12-03940 JAK (PLAx)

| | |
|---|---|
| SCREEN ACTORS GUILD-PRODUCERS PENSION & HEALTH PLANS,<br><br>Plaintiffs,<br><br>vs.<br><br>M.J. BRUNNER, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT TO RECOVER UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 AND FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT**<br><br>[29 U.S.C. §§ 1132(e)(1) and 185(a)] |

Plaintiffs Trustees of the Screen Actors Guild-Producers Pension Plan and Trustees of the Screen Actors Guild-Producers Health Plan ("Plans") allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA") [29 U.S.C. §1132(e)(1)] and § 301 of the Labor-Management Relations Act (hereinafter "LMRA") [29 U.S.C. §185(a)]. This is an action by the Plans for breach of a collective bargaining

286077.1 11630-21063

COMPLAINT

agreement between an employer and a labor organization representing employees in an industry affecting commerce and to enforce § 515 of ERISA [29 U.S.C. § 1145] as amended by § 306(a) of the Multi-Employer Pension Plan Amendments Act of 1980 (hereinafter "MPPAA"), P.L. 96-364.

2. Venue is based on the location of the office in which the Plans are administered, which is located in the Central District of California. As such, venue is appropriate pursuant to § 502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)] and under § 301 of the LMRA [29 U.S.C. §185(a)].

## PARTIES

3. The Plans are "employee welfare benefit plans" within the meaning of § 3(2) of ERISA, 29 U.S.C. §1002(37)(A) in that they were created pursuant to written trust declarations ("Trust Agreements") between the Screen Actors Guild (hereinafter "SAG"), and motion picture and television producer employers, and are maintained for the purpose of providing their participants and beneficiaries with medical, surgical and hospital benefits in the event of sickness, accident, disability or death, and retirement benefits. The Plans were created and now exist pursuant to § 302(c) of the LMRA.

4. The Plans are "multi-employer plans" within the meaning of §3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), in that more than one employer is required to contribute to the Plans and the Plans are maintained pursuant to collective bargaining agreements between SAG and motion picture and television producers.

5. At all times material herein, SAG has been a labor organization representing employees in the motion picture and television business, an industry affecting commerce within the meaning of § 302 of the LMRA.

6. The Plans are informed and believe, and thereon allege, that at all times material herein, defendant M.J. Brunner, Inc. (hereinafter "Brunner") is a Pennsylvania Corporation. Brunner is an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §1002(5), and § 501(1) of the LMRA, 29 U.S.C. § 142. As

such, Brunner is an employer as that term is used in § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION
[Breach of Collective Bargaining Agreements and Trust Agreements]

7. Plaintiffs hereby incorporate by reference all of the allegations contained in Paragraphs 1 through 6, inclusive.

8. Defendant Brunner is bound by the terms and conditions of a written multi-employer collective bargaining agreement known as the Screen Actors Guild Commercials Contract (hereinafter "Agreement"). Furthermore, defendant Brunner agreed to accept and be bound by the terms and conditions of the separate Trust Agreements of the Plans. At all times relevant herein, defendant Brunner has been obligated to the terms and provisions of the Agreement and Trust Agreements.

9. Pursuant to the Agreement and Trust Agreement, defendant Brunner is under an obligation to make certain pension and health contributions to the Plans for performers based on a percentage of all gross compensation paid for services covered by the Agreement at the time that payment is rendered to the performer. By the Agreement and Trust Agreements, defendant Brunner agreed that, in the event it failed to pay contributions when due, it would be considered delinquent with the Plans and would pay the Plans liquidated damages in the amount of twenty percent (20%) of the total amount then due for contributions over sixty (60) days delinquent for each delinquency.

10. At all times relevant herein, defendant Brunner engaged Lebron James to perform services covered by the Agreement. However, Brunner failed to make the required contributions, despite having agreed to make contributions to the Plan of at least $241,512.50 on behalf of Mr. James, based on a percentage of compensation paid to Mr. James for covered services.

11. Pursuant to the terms of the Trust Agreements, the Plans have the authority to conduct an audit of the books and records of signatory employers such

as defendant Brunner for the purpose of determining the accuracy of contributions made to the Plans including, but not limited to, payroll books and ledgers and any other books or records which the Plans deem necessary in connection with the proper administration of the Plans. The Trust Agreements provide that, if such an audit discloses a delinquency or underpayment, the cost of the audit shall be borne by the employer who is found to be delinquent. Moreover, if litigation is required to compel such an audit, the costs of such litigation are to be borne by the employer.

12. After the Plans learned of defendant Brunner's failure to make timely and good contributions on behalf of workers performing covered work, the Plans made a claim for payment. The Plans made a claim for $241,512.50 in contributions plus $48,302.50 in liquidated damages for the untimely payment. In total, Brunner owes the Plans at least $289.815.00.

13. Despite several demands by the Plans, Brunner has failed to pay the delinquent amounts as it promised.

14. By the Agreement and Trust Agreements, defendant Brunner also agreed that in the event of any delinquency, it would pay legal and audit costs in connection therewith, whether before or after litigation is commenced. It has been necessary for the Plans to engage the law firm of Bush Gottlieb Singer López Kohanski Adelstein & Dickinson for the purpose of collecting any and all amounts due. Pursuant to the Agreement, Trust Agreements and Title 29 U.S.C. §1132(g)(2), the Plans are entitled to their reasonable attorneys' fees and audit fees in connection herewith. These amounts will be established by proof at trial.

15. Pursuant to Title 29 U.S.C. § 1132(g)(2), Trust Agreements and the Agreement, defendant Brunner owes the Plans interest at the rate established by federal law on all unpaid contributions from the dates the sums were originally due to the Plans to the date of judgment. The amount of said interest will be established by proof at trial.

## SECOND CAUSE OF ACTION

[Claim for Damages for Violation of ERISA]

16. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 15 above, inclusive.

17. Pursuant to 29 U.S.C. §§1132 and 1145, the Plans are entitled to the unpaid contributions, interest thereon at the statutory rate, an additional amount equivalent to statutory interest or liquidated damages at twenty percent (20%), whichever is greater, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

18. Defendant Brunner's failure to pay the amounts owed to the Plans was willful, wanton and malicious and was intended to cause injury and has caused injury to the Plans. The Plans are therefore entitled to an award of punitive damages as "other legal relief" pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(E).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plans pray for judgment against defendant M.J. Brunner, Inc., a Pennsylvania company,

(1) For unpaid pension and health contributions due to the Plans, plus additional amounts as proved at trial;

(2) For liquidated damages as proved at trial;

(3) For interest as proved at trial;

(4) For reasonable attorneys' fees and costs of this action incurred by the Plans, in an amount to be proven at trial;

(5) For reasonable audit fees in an amount to be proven at trial;

(6) For punitive damages in an amount to be proven at trial; and

(7) For such additional relief as this Court deems just and proper.

DATED: MAY 4, 2012

PETER S. DICKINSON
ERICA DEUTSCH
PAMELA CHANDRAN
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation


By: _____
PETER S. DICKINSON
Attorneys for SCREEN ACTORS GUILD-
PRODUCERS PENSION & HEALTH PLANS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 3940 JAK (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California, Western Division

SCREEN ACTORS GUILD-PRODUCERS PENSION )
& HEALTH PLANS )
        *Plaintiff* )
        v. ) Civil Action No. CV12-03940 JAK (PLAx)
M.J. BRUNNER, INC., a Pennsylvania Corporation )
        *Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    M.J. BRUNNER, INC.
    11 Stanwix Ste
    5th Floor
    Pittsburgh, PA 15222-1312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    SCREEN ACTORS GUILD-PRODUCERS PENSION & HEALTH PLANS
    c/o Peter S. Dickinson
    Bush Gottlieb Singer López Kohanski Adelstein & Dickinson
    500 N. Central Ave.
    Suite 800
    Glendale, CA 91203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY - 4 2012

CLERK OF COURT

Date: 1    2

*Signature of Clerk or Deputy Clerk*



Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



JS 44 (Rev. 09/11)

# CIVIL COVER SHEET



The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCREEN ACTORS GUILD-PRODUCERS PENSION & HEALTH PLANS

**(b)** County of Residence of First Listed Plaintiff <u>Los Angeles</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bush Gottlieb Singer López Kohanski Adelstein & Dickinson
500 N. Central Avenue
Suite 800
Glendale, CA 91203
Telephone: (818) 973-3200

## DEFENDANTS
M.J. BRUNNER, INC., a Pennsylvania Corporation

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* and One Box for Defendant)
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [X] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29 USC §§ 1132(e)(1) & 185(a)
Brief description of cause:
Recovery of Unpaid Contributions under ERISA/Breach of Contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $241,512.50
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

CV12-03940

DATE: May 5, 2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:            U.S. Civil Statute: 47 USC 553
                                Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

